Anderson, J.,
delivered the opinion of the court.
On an indictment for felony, the jury may find the accused not guilty of the felony charged in the indictment, but guilty of an attempt to commit such felony. (Code of 1873, ch. 202, § 31.) Such is the_ finding of the jury in this case, and they fix the prisoner’s term of confinement in the penitentiary at five years; which is the judgment of the court.
It is contended for the prisoner and assigned as error in the judgment, that the attempt of which he is convicted, is not punishable by the statute with confinement in the penitentiary, but by confinement in the jail not less than six nor more than twelve months, because the offence which he was convicted of an attempt to commit is punishable with death, or confinement in the penitentiary.
The section under which he was indicted, (Code of 1873, ch. 187, § 18) is in these words: “If any person carnally know a female of the age of twelve years or *more, against her will, by force, or carnally know a female child under that age, he shall be at the discretion of the jury punished by death, or confined in the penitentiary, not less than ten nor more than twenty years.” It was under this last clause of the section that the prisoner was indicted, the female child being under the age of twelve years and over ten. It is doubtless under this section that the crime of rape is punishable, although the term “rape” is not to be found in it. The offence in case the female was twelve years old and over, as described in this section, unquestionably constitutes the crime of rape; and the offence in case the female was under the age of twelve years, is treated as of the same grade and of equal atrocity, and both are alike punishable at the discretion of the jury with death, or by confinement in the penitentiary. And both, are embraced in Lord Chief Justice Hale’s definition of rape. “Rape (he says) is the carnal knowledge of any woman above the age of ten years against her will, and of a woman child under the age of ten years with or against her will.” 1 Hale’s Pleas of the Crown (first American ed.), p. 627. Our statute makes the age twelve years, which is the age of consent of a female. And Lord Hale, in the same book, in commenting upon the statute of 18 Eliz. ch. 7, which declares, “that if any person shall unlawfully and carnally know and abuse any woman child under the age of ten years, it shall be felony without the benefit of clergy,” says, “if she be above the age of ten years and under the age of twelve years, it is rape: 1. Because the age of consent of a female is not ten, but twelve.” And he quotes my Lord Coke as saying “that these words within age must be taken for her age of consent, viz: twelve years, for that is her age of consent to marriage, and consequently her consent is not material in rape, if she be under twelve years old.” (Ibid. p. 630.) *This doctrine has been controverted, and opinions and decisions may be found on both sides of the question; but if the legislature, in using the term “rape” in the section which prescribes punishments for attempts to commit offencesj had reference to the section under which this prosecution was made, recited supra, and intended to embrace the crime in both phases, as it is described in that section, in the term “rape,” it was well warranted in doing so by high authority upon such a question.
That section provides (Code of 1873, ch. 195, § 10), that “if the offence attempted be punishable with death, the person making such attempt shall he confined in the penitentiary not less than one nor more than five years; except that in cases of attempt to commit rape, the term of confinement in the penitentiary shall net be less than one nor more than eighteen years.” This exception implies that the offence of an attempt to commit rape was embraced in the first clause, but that the punishment for the attempt to commit such offence, like the attempts to commit all other offences embraced in said clause, would be limited to confinement in the penitentiary not exceeding five years, but that the legislature, intending that an attempt to commit a crime so heinous and abominable, should be liable to a severer punishment, authorized the greater punishment thereof, by confinement in the penitentiary for eighteen years, j and excepted it from the provision whereby | its punishment, like all attempts to commit the offences indicated, could not have exceeded confinement in the penitentiary for a term cf five years. But for this exception, the attempt to commit the offence which is denominated “rape” would have *620 been punishable by confinement in the penitentiary not exceeding five years. And that the legislature, in employing the term “rape” as descriptive of the offence, had reference *to section 18 of chapter 187, above recited, and meant the offence therein described, is evident, because it is the only section in the statute book which denounces a penalty against the offence of rape; and it treats it -as of the same grade of atrocity, and subject to the same punishment, whether the female was over or under twelve years of age, requiring only to constitute the offence that it should in the former case be committed against her. will and with force; whilst in the latter it is made not material to the offence, whether it was committed with or against her will. The said section makes it one and the same offence, and we are of opinion it was so regarded by the legislature, and that they intended and did embrace it in the said 10th section of chapter 195 in the term “rape.”
Again, there can be no doubt that the legislature, in the enactment of this 10th section, regarded the offence described in the said 18th section as punishable with death, and so treated it, although the jury, by the terms of the section, have a discretion to reduce the punishment to confinement in the penitentiary. And the punishment of the offence in both its phases being the same, and it being an offence unquestionably by the statute punishable with death in its first phase, it must also be an offence punishable with death in its second phase.
We have not found a case in which the exact question has been raised and decided, whether, where the statute declares that if the offence is punishable with death, the attempt to commit it shall be confinement in the penitentiary, the attempt to commit the offence shall be so punishable, when the offence itself is punishable with death, or confinement in the penitentiary at the discretion of the jury. But the principle, we think, is settled in Price’s case, 31 Gratt. 846. That was a prosecution for horse-stealing, and the question was, whether the “^circuit court or the county court had jurisdiction of the case. By the act of assembly the circuit court had jurisdiction if the offence charged was punishable with death. The offence charged was punishable with death or confinement in the penitentiary at the discretion of the jury. The court held (Judge Moncure delivering the opinion), that the circuit court had jurisdiction; thus holding that the offence was punishable with death, although it might be punished, at the discretion of the jury, with the lighter punishment of confinement' in the penitentiary. Elviza’s case, 16 Gratt. 561, is an authority in support of the same principle. Upon every view of the case, we are of opinion that the attempt to commit the offence of which the prisoner in the case at bar was found guilty, is punishable by confinement in the penitentiary.
The court is further of opinion, that the circuit court did not err in overruling the prisoner’s motion to set aside the verdict and grant him a new trial. The only evidence against him to be found in the record is the testimony of the prosecutrix, a girl who was over ten, but not eleven years old. She was a competent witness. The weight to which her testimony was entitled was a question for the jury. In cases of this kind it is desirable that there snould be concurrent circumstances in support of the testimony of a witness who has not attained the age of discretion. But the current of authority is, that no general rule can be laid down on the subject; and that as the prisoner may be legally convicted on such evidence alone and unsupported, the degree of corroboration which the testimony of the witness requires, is a question exclusively for the jury, to be determined from all the circumstances, and especially from the manner in which the child has given her testimony. “That evidence may be such as to leave no reasonable doubt of the prisoner’s guilt, although it *stands unsupported by other witnesses.” Russell on Crimes (8th Amer. ed.) p. 695; 1 Phil. on Ev. 7. But it does not appear from the record that there was not other evidence. The bill of exceptions does not show that the certificate of evidence contains all the evidence that was given to the jury. The court is of opinion, upon the whole, that there is no error in the judgment of the court below, and that the same be affirmed.
Judgment affirmed.